UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1502-DFH-TAB |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOLLOWING DISCOVERY HEARING

**A.   Introduction.**

On August 31, 2005, the Court held a hearing to address a discovery dispute. This dispute culminated in the Defendants filing a motion to quash a notice of deposition and to stay discovery. [Docket No. 39]. Plaintiff responded with a motion to compel. [Docket No. 42]. The overarching issue raised in these motions is the extent to which Plaintiff should be permitted to engage in discovery to respond to jurisdictional and other arguments raised in Defendants' motion to dismiss and/or or summary judgment. [Docket Nos. 30, 31]. As is frequently the case in discovery disputes, a bit of background is required to understand how the parties arrived at this juncture and, ultimately, why the Court agrees that the deposition notice should be quashed and discovery should be halted.

**B.   Background.**

Plaintiff Novelty, Inc. sells and distributes various items throughout the United States, including over-the-counter pharmaceuticals. [Docket No. 1, ¶ 1]. On May 5, 2004, Plaintiff received a letter from the Indianapolis District Office of the Drug Enforcement Administration

("DEA") addressing the handling of such pharmaceuticals.  The letter stated in relevant part, "The Indianapolis District Office reminds all registrants that 'any storage at, and distribution from, a location other than the registered location (including the use of delivery vehicles for overnight storage) is a violation of federal law.'"  [Docket No. 1, ¶ 19; Docket No. 1, Ex. A].  Plaintiff contends that this letter constitutes a "final agency action," and filed this lawsuit on September 13, 2004 seeking an order preventing the DEA from taking any action to enforce these requirements.  [Docket No. 1, ¶¶ 25, 54].

After using its notice of initial 30-day enlargement of time, and after filing two motions for additional enlargements of time, Defendants finally answered the complaint on February 17, 2005.  [Docket Nos. 8, 9, 12, and 14].  Defendants asserted as its seventh defense that the Court lacks jurisdiction over the subject matter of the complaint.  [Docket No. 14, p. 7].

On March 14, 2005, the parties submitted an agreed Case Management Plan ("CMP").  [Docket No. 18].   Counsel then appeared at an initial pretrial conference on April 6, 2005, at which time the Court approved the proposed CMP.  [Docket No. 20].  The Court-approved CMP permitted the parties to proceed with discovery without limitation.  On May 25, 2005, Plaintiff served a combined first set of requests for admissions, interrogatories, and requests for production of documents.  [Docket No. 39, Ex. A].  On June 1, 2004, the Court held a status conference with the parties at which time the breadth of the Plaintiff's proposed discovery was discussed.  The Court then issued an order stating in relevant part: "The parties are encouraged to resolve any disputes about discovery informally, but in the event that any such disputes cannot be resolved they shall be promptly brought to the Magistrate Judge's attention by way of a conference call."  [Docket No. 28].

The parties were unable to work out their discovery differences at that time. Accordingly, the Court held a status conference with counsel on June 27, 2005. The Court ordered the Defendants to respond to Plaintiff's outstanding discovery by July 25, and set this matter for a discovery hearing on July 27 "to resolve any remaining discovery disputes regarding Plaintiff's outstanding discovery." [Docket No. 33]. Prior to the scheduled July 27 hearing, counsel advised the Court that the discovery issues had been resolved and that the hearing was unnecessary. The Court then vacated the July 27 hearing. [Docket No. 34]. It is beyond dispute that these discovery disputes were "resolved" by an agreement that the Defendants would produce at least some discovery responses. [Docket No. 42, Exs. 2, 3].

However, after the Court vacated the July 27 hearing, the Defendants changed their position and advised the Plaintiff that they would not produce any discovery. Defendants failed to respond to Plaintiff's discovery by July 25 as ordered by the Court. [Docket No. 33]. Instead, more than a month later, on August 29, Defendants moved to quash Plaintiff's Rule 30(b)(6) deposition notice and to stay discovery. Plaintiff's motion to compel soon followed, prompting the August 31 hearing.

**C.   Discussion.**

Defendants' motion to quash purports to rely upon "supplemental authority" for its position that this Court lacks jurisdiction to hear this action. As the Plaintiff correctly notes in response, however, Defendants' "supplemental" case law includes a twenty-one-year-old U.S. Supreme Court ruling, FCC v. ITT World Comm., Inc., 466 U.S. 463, 468 (1984). [Docket No. 42, p. 1]. And although the Defendants do include more recent authority in their supporting brief, such as Green v. Transp. Sec. Admin., 351 F. Supp.2d 1119 (W.D. Wash. 2005), the

3

ineluctable conclusion is that the Defendants' resistance to discovery is based upon a change in strategy – not a change in the law.  Thus, there are two main issues the Court must address: (1) are the Defendants required to respond to Plaintiff's written discovery based upon prior representations that responses would be forthcoming?; and (2) should any discovery be permitted based upon the alleged jurisdictional defects in Plaintiff's complaint?

As for the first issue, the Court is troubled by the factual background set forth above. The Defendants represented to the Plaintiff that they would respond to the Plaintiff's discovery. The Plaintiff patiently waited for responses to its discovery served on May 25.  The Court ordered Defendants to respond to Plaintiff's discovery and set a discovery hearing for July 27 to address any lingering discovery issues.  The Court subsequently vacated the hearing based upon counsel's representation to the Court that the discovery dispute was resolved.  [Docket No. 34]. Of course, the Plaintiff thought that the dispute had been resolved based upon Defendants' agreement to respond to the outstanding discovery requests.  So Plaintiff's counsel's representation to the Court that the discovery dispute was resolved was made in good faith. While the Court cannot say definitively that the Defendants' representation to the Court was fallacious, it was shaky at best.

Plaintiff contends that the Defendants are bound by their prior representations that the discovery dispute was resolved and that discovery responses, including documents, would be forthcoming.  However, Plaintiff cites to no authority for such a proposition.  Rules 3.3 and 3.4 of the Rules of Professional Responsibility outline a lawyer's duty of candor toward the Court and toward opposing counsel, but provide no support for the relief Plaintiff seeks.  Tenet No. III of the Indianapolis Bar Association's Tenets of Professional Courtesy provide, "A lawyer should

4

honor promises or commitments to other lawyers and to the court, and should always act pursuant to the maxim, 'My word is my bond.'" This tenet/maxim is an appropriate behavioral guidepost. Again, however, such a guidepost provides no basis for the relief Plaintiff requests. Fed. R. Civ. P. 16(f) provides that if a party or a party's attorney fails to obey a pretrial order, the judge may make such orders that are just, including sanctions. But Plaintiff does not seek sanctions, and the Court finds the foregoing obloquy sufficient to address the manner in which the Defendants handled this discovery debacle.

The Court can envision a situation pursuant to which, due to representations made by counsel, the opposing counsel has been unduly prejudiced such that discovery would proceed when ordinarily a stay of discovery might be appropriate. However, this is not such a case. Indeed, Plaintiff cites only to some unfortunate and avoidable delay in support of its contention that it has been prejudiced by the Defendants' discovery peripeteia. Therefore, in this circumstance, the Defendants are not required to respond to the Plaintiff's written discovery based upon prior representations that responses would be forthcoming.

The Court next addresses whether any discovery should be permitted given the alleged jurisdictional defects in the Plaintiff's complaint. Plaintiff alleged in its complaint that the DEA letter at issue is a "final agency action." [Docket No. 1, ¶ 25]. Seizing upon this allegation, the Defendants argue that, pursuant to 21 U.S.C. § 877, "final agency actions of the Attorney General are only reviewable in the United States Court of Appeals for the District of Columbia or for the circuit in which the aggrieved party's principal place of business is located." [Docket No. 39, ¶ 2]. In support of this proposition, Defendants offer their "supplemental" authority noted above, FCC v. ITT World Comm., Inc., 466 U.S. 463, 468 (1984), as well as additional

case law.  See, e.g., Conners v. Amax Coal Co., Inc., 858 F.2d 1226, 1231 (7th Cir. 1988); Green v. Transp. Sec. Admin., 351 F. Supp.2d 1119 (W.D. Wash. 2005).

Plaintiff counters that 21 U.S.C. § 877 "does not apply to challenges, such as this one, that the DEA has improperly exercised its rulemaking authority by promulgating a legislative rule without following required notice and comment procedures." [Docket No. 42, p. 5].  See PDK Labs, Inc. v. Reno, 134 F. Supp.2d 24, 29 (D.C. Cir. 2001) (concluding that the DEA's refusal to issue a letter-of-non-objection did not constitute a final agency action and therefore 21 U.S.C. § 877 did not preclude the district court from exercising jurisdiction).  Whether the challenged action constitutes a final agency action is a jurisdictional issue more properly resolved by way of the pending motion to dismiss and/or for summary judgment.  Nevertheless, in addressing the pending discovery issues, the Court must consider whether jurisdiction appears proper.  The more likely it appears that jurisdiction may be lacking, the more inclined the Court would be to consider staying discovery.  In this regard, the Court must presently conclude that the challenged action does not appear to be a final agency action such that 21 U.S.C. § 877 would deprive the Court of subject matter jurisdiction.

This supposition, however, does not open the floodgates of discovery.  On the contrary, the Defendants also argue that by bringing this action Plaintiff "seeks a pre-enforcement review of the DEA's subpoena and seeks information regarding the DEA's investigation that it would not normally obtain at this stage of the proceedings." [Docket No. 40, p. 7].  Defendants contend that such a procedure is prohibited by Reisman v. Caplin, 375 U.S. 440, 441, 445-59 (1964), and argue, "Every Circuit to consider this issue since *Reisman* has agreed that plaintiffs are prohibited from bringing actions seeking declaratory or injunctive relief with respect to an

6

administrative subpoena because subpoena enforcement proceedings are their exclusive avenue for relief." [Docket No. 40, p. 8]. See General Finance Corp. v. Federal Trade Commission, 700 F.2d 366, 368-69 (7th Cir. 1983) (dismissing challenge to FTC subpoena for lack of subject matter jurisdiction under Reisman). This argument has merit, and tips the balance in favor of staying discovery pending resolution of the pending dispositive motion.

Plaintiff also argues that discovery is appropriate because Defendants' motion to dismiss and/or for summary judgment is not limited to jurisdictional arguments, but in fact contains merit-based arguments. [Docket No. 42, p. 11]. Plaintiff contends that discovery is needed to address such merit-based arguments. This is a good argument, or at least it was until the August 31 hearing. At that hearing, the Defendants withdrew all merits-based arguments in their pending dispositive motion. Plaintiff conceded at the hearing that it needed no discovery to respond to Defendants' jurisdictional arguments. Accordingly, these abandoned, merits-based arguments provide no present support for permitting discovery, which will be stayed. See Daniel J. Hartwig Associates, Inc. v. Kanner, 913 F.2d 1213, 1223 (7th Cir. 1990) (confirming that the "proper course of action" where a motion to dismiss is pending "is to request that the district court enter a stay of discovery until all jurisdictional issues are decided"); Sprague v. Brook, 149 F.R.D. 575, 578 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.").

**D.     Conclusion.**

For the reasons set forth above, the Defendants' motion to quash and to stay discovery [Docket No. 39] is granted. Discovery is stayed pending a determination as to whether this

Court has jurisdiction to hear this action.  Plaintiff's disputed Rule 30(b)(6) notice of deposition is quashed.  Plaintiff's motion to compel [Docket No. 42] is denied.  In addition, the merits-based arguments set forth in Defendants' motion to dismiss and/or for summary judgment [Docket Nos. 30, 31] are withdrawn, and the Court will address only the jurisdictional arguments raised in that motion.[1]  Given that no discovery is presently permitted, the deadline for Plaintiff to respond to Defendants' pending motion to dismiss and/or for summary judgment is shortened to September 23, 2005.

Dated: 09/01/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Specifically, issues number three and four in that motion are withdrawn, and the Court will address issues one and two only.  [See Docket No. 31, pp 1-2].  In the event that the Court finds that subject matter jurisdiction exists, the Defendants may reassert issues three and four, and discovery as to those issues would be permitted.

8

Copies to:

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Michael J. Hulka
BARNES & THORNBURG LLP
mhulka@btlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Scott C. Newman
BARNES & THORNBURG LLP
snewman@btlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov