UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1502-DFH-TAB |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This cause is before the Court on Plaintiff's motion for reconsideration and/or clarification. [Docket No. 44]. This motion asks the Court to reconsider and/or clarify its September 1, 2005 order quashing Plaintiff's Rule 30(b)(6) deposition notice and staying discovery. The Court quashed the deposition notice and stayed discovery, in part, because the Defendants withdrew all merits-based arguments in their pending dispositive motion (issues three and four) and agreed to proceed for the time being on only the jurisdictional issues (issues one and two). [Docket No. 43, p. 7]. Plaintiff's nineteen-page motion for reconsideration makes several arguments, but the primary thrust of Plaintiff's motion is that it "has always contended that discovery was needed" to address the arguments raised in issue two.[1] Plaintiff contends there is "substantial cause for confusion over the distinction between which arguments in Defendants' motion are 'merits-based' and which are 'jurisdictional.'" [Docket No. 44, p. 3].

---

[1] Defendants' dispositive motion frames issue two as follows: "Whether the court lacks jurisdiction and the case must be dismissed as Novelty is not entitled to declaratory or injunctive relief as there has been no final agency action and as Novelty has failed to exhaust its administrative remedies." [Docket No. 31, p. 1].

Such substantial confusion must have manifested itself after the August 31 hearing. As set forth in the September 1, post-hearing order, "Plaintiff conceded at the hearing that it needed no discovery to respond to Defendants' jurisdiction arguments." [Docket No. 43, p. 7]. This concession was no vague statement. Rather, it was an explicit representation made in the context of specific questions from the Court to Defendants as to exactly which arguments Defendants were withdrawing. Defendants stated in open Court, on the record, that they were withdrawing issues three and four, but would press forward with issues one and two, which were jurisdictional. At the Court's request, the Defendants even identified the page numbers of the briefs on which these arguments appeared. Plaintiff never suggested at the hearing that discovery was needed to address issue two. Thus, Plaintiff's contention that there is substantial cause for confusion over which issues are jurisdictional and which are merits-based rings hollow.

For these reasons, and for the reasons set forth in this Court's September 1 order and the Defendants' response to the motion to reconsider and/or clarify,[2] Plaintiff's motion is denied.

Dated:   09/15/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The briefs also discuss the fact that the underlying subpoena issued by the Little Rock Field Division was withdrawn. Defendants further note that the DEA reissued another substantially similar subpoena the same day. [Docket No. 46, pp. 2-3]. The Court does not consider these developments significant in its reconsideration analysis.

Copies to:

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Michael J. Hulka
BARNES & THORNBURG LLP
mhulka@btlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Scott C. Newman
BARNES & THORNBURG LLP
snewman@btlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov