UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOVELTY, INC., | ) |
|       Plaintiff, | ) |
| v. | ) |
| KAREN TANDY, Administrator, U.S. Drug Enforcement Administration, and ALBERTO GONZALES, Attorney General of the United States, each in their respective capacities, | ) CASE NO. 1:04-cv-1502-DFH-TAB |
|       Defendants. | ) |

ENTRY ON MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY OF DISTRICT COURT PROCEEDINGS

On August 15, 2006, the court denied the defendants' motion to dismiss this action. The defendants have filed a timely motion for certification of one issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The proposed issue is whether 21 U.S.C. § 877 establishes exclusive jurisdiction in the Courts of Appeal for review of plaintiff's claims in this action. Defendants also seek a stay of discovery and other proceedings pending appeal.

Section 1292(b) authorizes interlocutory appeals if the district judge states in writing that the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

-2-

The court is persuaded that the jurisdictional issue under § 877 is a controlling question of law and that there is at least reasonable ground for difference of opinion. However, the court is not persuaded that an immediate appeal is likely to advance the ultimate termination of the litigation. Many cases present potentially dispositive jurisdictional or other threshold defenses and survive those defenses, at least at the motions stage in the district court. The approach of litigating (and appealing) defenses in serial fashion sometimes offers the more efficient course for litigation, but more often the serial approach adds delay and risks multiple appeals. The court is not aware of any error-free method for predicting which course is better in a particular case. Given the absence of controlling adverse authority on the jurisdictional question and this court's analysis of the question, and the delays this case has already experienced while those issues were pursued thoroughly at this level, the court believes the better course is to exercise its discretion so as not to certify the interlocutory appeal, let alone to stay matters in this court. Accordingly, defendants' motion to certify an interlocutory appeal and to stay proceedings in this court is hereby denied.

So ordered.

Date:  November 7, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-3-

Copies to:

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Michael J. Hulka
BARNES & THORNBURG LLP
mhulka@btlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Scott C. Newman
BARNES & THORNBURG LLP
snewman@btlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov