UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOVELTY, INC., ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:04-cv-1502- DFH-TAB | |
| ) | | |
| PAUL CLEMENT ) | | |
| Acting Attorney General ) | | |
| United States Department of Justice,[1] and ) | | |
| ) | | |
| Karen Tandy ) | | |
| Administrator ) | | |
| U.S. DRUG ENFORCEMENT ) | | |
| ADMINISTRATION, each in their respective ) | | |
| official capacities., ) | | |
|     Defendant. ) | | |

## ORDER ON MOTION IN LIMINE

Plaintiff Novelty, Inc. brought this action seeking declaratory and injunctive relief preventing the U.S. Drug Enforcement Administration ("DEA") from enforcing a letter sent to Plaintiff on May 5, 2004 ("the Raber letter"). Plaintiff has filed a motion in limine seeking to exclude from trial evidence obtained by the DEA during a search authorized by a warrant. [Docket No. 91.] The warrant authorized the DEA to "inspect and copy all records, reports, and other documents required to be kept or made under Subchapter I of the Controlled Substances Act" and to "inspect controlled premises and all pertinent equipment, listed chemicals and other substances or materials, containers, and labeling found therein, and . . . all other things therein." [Docket No. 91 at 2.] Plaintiff argues the inspection conducted by the DEA "should not be used to circumvent *civil* discovery rules in this *civil* litigation about improper rulemaking procedures."

---

[1] Former Attorney General Alberto Gonzales resigned as of September 17, 2007. Pursuant to Rule of Civil Procedure 25(d)(1), the acting attorney general, Paul Clement, is automatically substituted as the party to this case.

[Docket No. 91 at 1.]  Plaintiff further contends that the purpose of this evidence is to determine whether Plaintiff has complied with the Raber letter, which is irrelevant to this cause of action, the purpose of which is to determine whether the Raber letter is enforceable.  Plaintiff argues that even if relevant, such evidence would be unfairly prejudicial, confusing, and misleading.

Defendants contend that Plaintiff's motion in limine is "both premature and without legal basis."  [Docket Not. 94 at 1.]  They argue that Plaintiff's concern that information from the DEA's administrative inspection will be used in this case is merely speculation and that if the evidence is offered in support of any part of this case, Plaintiff can object at that time.  Defendants further argue that the motion in limine seeks to prevent the introduction of potentially relevant information.  They contend that the Federal Rules of Civil Procedure do not prohibit parties from using evidence obtained in ways other than through the discovery process, and that Plaintiff seems to be making a misplaced Fourth Amendment argument but has not even alleged that the warrant authorizing the search was illegal.

The Court recently granted Defendants' related motion to compel evidence, which sought "information related to the direct impact that the Raber letter had on [Defendants'] day-to-day operations, or whether the letter had any impact at all," determining that it appeared reasonably calculated to lead to admissible evidence.  [Docket No. 99; Docket No. 84; Docket No. 85 at 2.]  As recognized by Plaintiff, the information sought in the motion to compel at least overlaps with the information Plaintiffs are requesting be excluded from trial in the motion in limine.  [Docket No. 91 at 4.]  Both sets of inquiries could lead to information that potentially shows Plaintiff's "alleged putative misdeeds of noncompliance (or compliance)" with the Raber letter.  [Docket No. 91 at 2.]

Plaintiff contends that Defendants' motion to compel presented a "somewhat broader issue than this motion in limine" because "Defendants need only show that the discovery sought could reasonably lead to the discovery of admissible evidence" while evidence admitted for trial must itself be relevant, according to Federal Rule of Evidence 402. [Docket No. 91 at 4-5.] In that sense, the Court agrees that the motion to compel was broader than this motion in limine. In another sense the category of information in Plaintiff's motion in limine—all the information obtained by the DEA during an administrative inspection—is likely broader than the information the Court ordered Plaintiffs provide Defendants. However, the Court cannot conclusively determine the scope of the information obtained during the inspection because Plaintiff has not provided sufficient detail regarding the content of this information it seeks to exclude from trial.

The Court is unable to make a meaningful decision on the potential evidence Plaintiff is seeking to exclude without knowing what the evidence is, just as appellate courts are unable to review such decisions without having information on the evidence in the record. *See Luce v. United States*, 469 U.S. 38, 41 (1984) ("A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context."). While the motion in limine is a helpful tool used to ensure fairness and expedite the management of trial proceedings, some evidentiary submissions cannot be accurately evaluated in this manner and such rulings should be deferred until trial. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). The warrant allowing inspection of the "controlled premises . . . and all other things therein" provides very little direction to the Court on the content of the information Plaintiff seeks to exclude. The Court is not inclined to exclude evidence that has not yet been offered and the substance of which is not clear. This is particularly so given that the trial in this matter will be to the Court

rather than to a jury, so that there is no risk of inadvertently exposing a jury to evidence that may ultimately be found to be inadmissible.

For the above reasons, Plaintiff's motion in limine [Docket No. 91] is DENIED.

Dated: 09/21/2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Kara M. Moorcroft
BARNES & THORNBURG LLP
kara.moorcroft@btlaw.com

Scott C. Newman
BARNES & THORNBURG LLP
hbickham@btlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov